# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1122V
Filed: January 24, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| KAREN L. CHRISTNER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Denial of Interim Attorneys' Fees |
| | * | And Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Braden Blumenstiel, Esq.*, Blumenstiel Falvo, LLC, Dublin OH, for petitioner.
*Darryl Wishard, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 12, 2016, Karen Christner ("Ms. Christner," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed transverse myelitis ("TM") as a result of receiving an influenza vaccination on or about September 13, 2013. *See* Petition ("Pet."), ECF No. 1. Counsel of record in this matter was originally James Blumenstiel. On November 6, 2017, Braden Blumenstiel was substituted as counsel of record for James Blumenstiel. ECF No. 47.

On November 28, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Fees, ECF No. 49. Petitioner requests interim attorneys' fees in the amount of $29,171.25, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

interim costs in the amount of $8,580.36, for a total amount of $37,751.61. *Id.* at 2. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out of pocket expenses. *Id*. at 3.

On January 11, 2018, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 53. Respondent objected to an award of interim fees and costs, submitting that "petitioner has made no attempt to justify an award of interim attorneys' fees and costs for former counsel." *Id*. at 5. Respondent pointed out that "[p]etitioners bear the burden of providing undue hardship and thus entitlement to interim fees." *Id*., citing *Bigbee v. Sec'y of Health & Human Servs*. No. 06-663V, 2012 WL 1238484, at *1 (Fed. Cl. Spec. Mstr. Mar. 23, 2012). Respondent argued that, here, "petitioner has made no showing that she needs payment of interim fees and costs to avoid some undue hardship." *Id*.

Petitioner had a deadline of January 18, 2018, by which to file her Reply. Petitioner's current counsel filed a Reply authored by petitioner's former counsel on January 22, 2018. Reply, ECF No. 54. Petitioner's former counsel stated that he had "no objection to waiting until the conclusion of this case" for the Court to rule on his request for attorneys' fees and costs.

Interim fees may be paid at the discretion of the special master. *See Avera*, 515 F.3d at 1352 ("Interim fees are particularly appropriate where proceedings are protracted and costly experts must be retained.") However, interim fees and costs are not routinely awarded. *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012). Interim fees are the exception, rather than the rule. Indeed, "there is not a presumption of entitlement to interim fees." *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. at 297, 300 (2011). These proceedings have not been pending for a "protracted" amount of time; the petition was filed slightly over a year ago. Additionally, petitioner has not made a showing that an award of interim fees and costs is necessary to avoid undue hardship; on the contrary, petitioner's former counsel expressly consented to deferring his request for fees and costs until this case has concluded.

Accordingly, the undersigned DENIES petitioner's motion for interim attorneys' fees. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/ **Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.