# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1122V
(Filed: July 25, 2018)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| KAREN L. CHRISTNER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | Motion for Summary Judgment; Influenza |
| v. | * | ("Flu") Vaccine; Transverse |
| | * | Myelitis; Onset Period |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

*Braden Blumenstiel, Esq.,* Blumenstiel Falvo, LLC, Dublin, OH, for petitioner.
*Darryl Wishard, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

### ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT[1]

**Roth**, Special Master:

On September 12, 2016, Karen Christner ("Ms. Christner" or "petitioner") timely filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act" or "Program"). Petitioner alleges that she received an influenza vaccine on September 13, 2013, and thereafter suffered from "pain, weakness, and limitations in her legs," and paraplegia. Petition at 2. On March 27, 2018, respondent filed a Motion for Summary Judgment. ECF No. 61. On April 10, 2018, petitioner filed a response. ECF No. 62.

---

[1] Although this Order has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Order will be available to anyone with access to the internet.** However, the parties may object to the Order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Order will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**I. Background**

The petition was filed along with petitioner's first affidavit, filed as Pet. Ex. 1. ECF No. 1. In her affidavit, petitioner stated that she received a flu vaccine on or about September 13, 2013, and "sometime over the next couple of months," began to experience pain in both of her legs. Pet. Ex. 1 at ¶7. Petitioner affirmed that in December of 2013, her legs felt weak and the muscle in her right leg felt like they were burning; she stated that this feeling continued "for many months" until her hospitalization in May of 2014. *Id*. at ¶8. She stated that "around Christmas of 2013," she went to the mall and walked "for a period of time," after which "my feet and legs were hurting tremendously and I feared I could not make it back to my car." *Id*. at ¶12. Petitioner recalled instances in January and February of 2014 where she was cleaning her kitchen and experienced weakness and shaking in her legs. *Id*. at ¶¶10, 11. Petitioner affirmed that following her hospitalization in May of 2014, she was diagnosed with transverse myelitis and continues to suffer from complications of that condition. *Id*. at ¶¶14, 15, 17.

Petitioner filed a supplemental affidavit on January 6, 2017, as Pet. Ex. 8. ECF No. 14. In her affidavit, petitioner stated that the purpose of the supplemental affidavit was to explain why her medical records did not reflect any complaints of leg pain or weakness until her hospitalization on May 8, 2014. Pet. Ex. 8 at ¶3.

Petitioner stated that she first began to notice bilateral leg aches and stiffness "within a month or two of the vaccination." *Id*. at ¶16. She also stated, "…within two months of my flu vaccination on September 13, 2013, I began to experience aches and stiffness in both of my legs." *Id*. at ¶11.

On March 27, 2018, respondent filed a Motion for Summary Judgment ("Resp. Mot."). ECF No. 61. Respondent submitted the evidence in this matter "does not present a sufficient disagreement of material fact to require submission to the factfinder, and is so one-sided that respondent must prevail as a matter of law." Resp. Mot. at 3. Respondent claims that "it is undisputed that the onset of [petitioner's] TM symptoms occurred 237 days after the flu vaccination." *Id*. This would place the onset of petitioner's symptoms on May 8, 2014.

Petitioner filed a response ("Pet. Resp.") on April 10, 2018, in which she submitted that the onset of her TM symptoms began during the fall and winter of 2013. Pet. Resp. at 4-8, 15, ECF No. 62.

Respondent did not file a reply. This Motion is now ripe for a ruling.

**II. Discussion**

Vaccine Rule 1(c) provides that the Rules of the Court of Federal Claims ("RCFC") apply when they are consistent with the Vaccine Rules. In turn, RCFC Rule 56(a) allows the court to decide a claim on summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

In considering a motion for summary judgment, the key inquiry is whether the evidence presents a sufficient disagreement of fact as to require submission to a fact finder, or whether it is so one-sided that one party must prevail as a matter of law. *Jay v. Sec'y of Health & Human Servs.*, 998 F.2d 979, 982 (Fed. Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "There is no genuine issue of material fact where the evidence presented is insufficient to permit a reasonable factfinder to find in favor of the nonmoving party." *Jay*, 998 F.2d at 982-83 (citing *Anderson*, 477 U.S. at 249).

In the instant matter, the petitioner places the onset of her symptoms sometime in the fall and winter of 2013. Respondent submits that the onset of petitioner's symptoms should be May 8, 2014, when she presented to the hospital complaining of weakness in the hips and knees and a burning sensation. Pet. Ex. 1 at 3. It is clear that the date of onset is in dispute. Furthermore, the date of the onset of petitioner's symptoms is necessarily a material fact, as it directly affects the timing petitioner's injury and petitioner's ability to meet prong 3 of *Althen*, which requires petitioner to show a temporal relationship between the vaccine and the alleged injury.

Vaccine Rules do not authorize factfinding on summary judgment. *Jay*, 998 F.2d at 982. "To allow a special master to weigh and find facts prior to the end of the case (effectively at an arbitrary point in the litigation dictated by the summary judgment movant) would raise serious due process concerns." *Id.* at 983. "If to dispose of the case the special master must resolve conflicts of fact or weigh conflicting evidence, or is statutorily constrained to do so, he or she may not render summary judgment." *Id.* In order to determine whether petitioner has shown preponderant evidence demonstrating a temporal relationship between her receipt of the influenza vaccine and her development of TM, I would first need to determine *when* petitioner developed TM. That requires a finding of fact, which I am not authorized to conduct on summary judgment. Accordingly, respondent's Motion for Summary Judgment must be DENIED.

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
