# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1122V
(Filed: January 15, 2019)

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| KAREN L. CHRISTNER,              * | UNPUBLISHED |
|                                  * | |
|     Petitioner,           * | |
|                                  * | Dismissal; Death of Petitioner; |
| v.                               * | Lack of Proper Petitioner; |
|                                  * | Court of Federal Claims Rule 25 |
| SECRETARY OF HEALTH              * | |
| AND HUMAN SERVICES,              * | |
|                                  * | |
|     Respondent.           * | |
|                                  * | |
| * * * * * * * * * * * * * * | |

*Braden Blumenstiel, Esq.,* Blumenstiel Falvo, LLC, Dublin, OH, for petitioner.
*Darryl Wishard, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

**Roth**, Special Master:

    On September 12, 2016, Karen Christner ("Ms. Christner" or "petitioner") timely filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] ("Vaccine Act" or "Program"). Petitioner alleges that she received an influenza vaccine on September 13, 2013, and thereafter suffered from "pain, weakness, and limitations in her legs," and paraplegia. Petition at ¶¶4, 5.  The petition must be dismissed due to the lack of a proper plaintiff to maintain the action.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I. **Procedural History**

The petition was filed on September 12, 2016, along with petitioner's first affidavit, filed as Pet. Ex. 1. ECF No. 1. Petitioner filed medical records on November 2, 2016. Pet. Ex. 1-5, ECF No. 7. The initial status conference was held on December 8, 2016. During the conference, it was noted that the medical records and petitioner's affidavit were inconsistent with respect to the onset of petitioner's symptoms. Petitioner was ordered to file a status report indicating how she intended to proceed. Scheduling Order, ECF No. 9. On March 8, 2017, petitioner filed a status report which advised that she planned to file an expert report in support of her claim. ECF No. 17.

Petitioner filed additional medical records on December 19, 2016; March 3, 2017; March 9, 2017; and May 18, 2017. *See* Pet. Ex. 6-7, ECF No. 10; Pet. Ex. 9-13G, ECF No. 15; Pet. Ex. 13-19, ECF No. 19; Pet. Ex. 20, ECF No. 28. Petitioner filed a supplemental affidavit on January 6, 2017, as Pet. Ex. 8.[3] ECF No. 14.

On September 19, 2017, petitioner filed expert reports from Dr. Kisanuki (Pet. Ex. 21), Dr. Racke (Pet. Ex. 22), and Dr. Miller (Pet. Ex. 23). ECF Nos. 39-40. These reports were discussed during a status conference held on September 27, 2017. I noted Dr. Kisanuki and Dr. Racke, petitioner's treating physicians, both stated that they could not connect petitioner's receipt of the flu vaccine to her onset of TM eight months later. Scheduling Order at 1, ECF No. 42. Furthermore, the report authored by Dr. Miller was based on the facts as stated in petitioner's affidavit, which were not supported by the contemporaneous medical records. *Id*.

Respondent filed his Rule 4(c) Report on October 4, 2017, which stated that petitioner had presented insufficient evidence to meet the *Althen* criteria. ECF No. 46. Respondent further asserted that the petition lacked a reasonable basis. *Id.* at 13. Respondent filed a journal article, R. Baxter et al., *Acute Demyelinating Events Following Vaccines: A Case-Centered Analysis,* 63 CLIN INFECT DIS 11: 1456-62 (2016) (Resp. Ex. A); a short biography of Dr. Miller and a list of his publications from the Northwestern website (Resp. Ex. B); an article on the symptoms and causes of transverse myelitis from the Mayo Clinic website (Resp. Ex. C); a short biography of Dr. Racke from The Ohio State University website (Resp. Ex. D); a PubMed generated list of publications by Dr. Racke (Resp. Ex. E); and a short biography of Dr. Kisanuki from The Ohio State University website (Resp. Ex. F). ECF No. 46.

Braden Blumenstiel substituted in as attorney of record on November 6, 2017 in place of attorney James Blumenstiel. ECF No. 47. A status conference was held on November 20, 2017, during which I again discussed the medical records, including the eight-month gap between petitioner's receipt of the influenza vaccine and the first documentation of her onset of symptoms on May 8, 2014. More specifically, that the medical records reflect no complaints until May 8, 2014, associated with her presentation to the emergency room at which time she advised medical

---

[3] Petitioner's first affidavit placed the onset of her symptoms "around Christmas of 2013," but her supplemental affidavit placed onset of her symptoms "…within two months of [her] flu vaccination on September 13, 2013…." *See* Pet. Ex. 1 at ¶12, ECF No. 1; Pet. Ex. 8 at ¶11, ECF No. 14. However, neither of these affidavits explained why petitioner reported an onset of symptoms "that morning" when she presented to the emergency room on May 8, 2014, nine months after her vaccination. *See* Pet. Ex. 1 at 1-3, ECF No. 7.

personnel of onset earlier that morning that had progressed. Scheduling Order at 1, ECF No. 48; *see also* Pet. Ex. 1 at 1-3. Petitioner's counsel was advised that, "even if one were to accept the timing as presented by petitioner in her affidavit…a three month onset is not supported by the relevant medical literature." *Id*.

On December 20, 2017, petitioner filed a status report and a Motion for Extension of Time until January 5, 2018, to advise how petitioner intended to proceed. ECF No. 51. This request was granted. Non-PDF Order, issued Dec. 20, 2017.

On January 8, 2018, petitioner filed a status report which advised that she would like to confer with an expert and participate in an onset hearing wherein petitioner could testify "regarding the onset of her symptoms and the impact they have had on her activities of daily life." Pet. S.R. at 2, ECF No. 52.

A status conference was held on February 20, 2018. During the conference, I explained that, while I am sympathetic to petitioner's condition and appreciated the limitations with which petitioner now lives, it is unlikely that an onset hearing would benefit petitioner, as it may result in further inconsistencies in petitioner's representation of the onset of her symptoms. Additionally, any testimony from petitioner regarding the impact of her TM on her daily life would be proof of damages, not onset or entitlement. Scheduling Order at 1-2, ECF No. 57. I also explained the different ways to exit the Vaccine Program. Petitioner's counsel requested time to confer with his client and determine the appropriate avenue for dismissal of petitioner's claim. *Id*. at 2.

Petitioner filed a status report on March 26, 2018, advising that she would like respondent to file a motion to dismiss. Pet. S.R. at 1, ECF No. 60. Petitioner explained that she would like the opportunity to respond to respondent's arguments regarding her claim.

On March 27, 2018, respondent filed a Motion for Summary Judgment rather than a Motion to Dismiss. ECF No. 61. Petitioner filed a response on April 10, 2018. ECF No. 62. On July 25, 2018, I issued an Order denying summary judgment noting that there was a genuine issue of material fact in dispute which needed to be determined – the date of onset of petitioner's symptoms. *See* Order at 3, ECF No. 63.

A status conference was held on September 5, 2018, during which petitioner's counsel requested and was granted a final 30 days to file any additional evidence in support of her claim before respondent filed a Motion to Dismiss. Scheduling Order, ECF No. 65.

On October 4, 2018, petitioner's counsel filed a status report advising that petitioner had passed away several months prior and requesting a status conference to discuss how to proceed.[4] ECF No. 66. On October 5, 2018, respondent filed his Motion to Dismiss. ECF No. 67.

A status conference was held on October 12, 2018. During the conference, I stated that prior counsel had advised that petitioner did not have any immediate family. Petitioner's counsel stated that he did not believe that an estate had been opened and was unsure whether petitioner had any surviving relatives. Petitioner's counsel was ordered to file a status report by November 26,

---

[4] Apparently, petitioner had passed away in July of 2018.

3

2018, on his efforts to locate a relative or friend that had been appointed to handle the late petitioner's affairs. Scheduling Order, ECF No. 68.

On November 28, 2018, petitioner's counsel filed a status report describing his attempts to contact the individuals listed in petitioner's obituary. Petitioner's counsel advised that he had been unsuccessful in locating petitioner's next of kin but would continue his efforts. Status Report, ECF No. 69.

On November 29, 2018, I issued an Order citing to Rule 25(a)(1) and advising petitioner's counsel that the 90-day window for the substitution of the proper party would end on January 2, 2019. I ordered petitioner's counsel to file a Motion to Substitute a representative for petitioner by January 2, 2019, or the petition would be dismissed.

Petitioner's counsel failed to file a Motion to Substitute a representative for petitioner, or any communication with the Court, by January 2, 2019. As of this date, petitioner's counsel has not communicated with the Court. Accordingly, the petition must be dismissed.

## II. Legal Standard

The Vaccine Rules do not address the consequences of the death of the petitioner. Thus, in the absence of any specific direction, the Rules of the Court of Federal Claims ("RCFC") are consulted. *See* Vaccine Rule 1(c). Rule 25 of the RCFC states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by the decent *must* be dismissed.

RCFC Rule 25(a)(1) (emphasis added).

## III. Discussion

The Court was notified of petitioner's death via status report on October 4, 2018, which triggered the time allotted by RCFC Rule 25 for a motion for substitution to be filed. *See* ECF No. 66. A motion for substitution was not filed within 90 days of the filing of petitioner's counsel's status report advising of petitioner's death. Thus, pursuant to Rule 25, the petition must be dismissed due to the lack of a proper plaintiff to maintain the action.

## IV. Conclusion

For the foregoing reason, this case is dismissed.[5] In the absence of a timely filed motion for review pursuant to Vaccine Rule 23, the Clerk is directed to enter judgment consistent with

---

[5] Respondent's Motion to Dismiss filed on October 5, 2018, is hereby rendered moot. *See* ECF No. 67.

5

this decision.[6]

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[6] Pursuant to Vaccine Rule 11 (a), if a motion for review is not filed within 30 days after the filing of the special master's decision, the clerk will enter judgment immediately.