# In the United States Court of Federal Claims

No. 16-1122V
(Filed under seal October 25, 2019)
(Reissued November 12, 2019)[†]

* * * * * * * * * * * * * * * * * * * * * *
```
                                    *
```
**KAREN L. CHRISTNER**,              *     Vaccine Act; motion for review;
                                      *     statement noting death; service
            Petitioner,           *     required upon estate; RCFC 25(a)(3);
                                      *     motion for substitution deadline;
            v.                     *     remand, 42 U.S.C. § 300aa-12(e)(2)(C).
                                      *
**SECRETARY OF HEALTH**              *
**AND HUMAN SERVICES**,              *
                                      *
            Respondent.           *
                                      *
* * * * * * * * * * * * * * * * * * * * * *

     *Braden Blumenstiel*, DuPont and Blumenstiel LLC, of Dublin, Ohio, for petitioner.

     *Darryl R. Wishard*, Torts Branch, Civil Division, Department of Justice, with whom were *Joseph H. Hunt*, Assistant Attorney General, *C. Salvatore D'Alessio*, Acting Director, *Catharine E. Reeves*, Deputy Director, and *Gabrielle M. Fielding*, Assistant Director, all of Washington, D.C., for respondent.

## ORDER

WOLSKI, Senior Judge.

     The motion before the Court, in this case brought under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10–300aa-15 (Vaccine Act), concerns whether a special master may dismiss a case via Vaccine Rule 1(c) and Rule 25(a) of the Rules of the Court of Federal Claims (RCFC) when, following petitioner's death, petitioner's counsel fails to timely file a motion for substitution of the proper party. Petitioner's counsel filed a status report on October 4, 2018, notifying the Special Master that petitioner had died that summer. ECF No. 66.

---

[†] Pursuant to Vaccine Rule 18(b) of the Rules of the United States Court of Federal Claims, the parties were given fourteen calendar days in which to object to the public disclosure of information contained in this opinion prior to its publication. No objection has been filed. Accordingly, the opinion is reissued for publication.

The following week, a status conference was held, in which petitioner's counsel noted that he did not know if his deceased client had an estate opened or any surviving relatives.  ECF No. 68.  On November 28, 2018, petitioner's counsel filed a status report recounting his efforts to contact the relatives of petitioner who were identified in petitioner's obituary.  ECF No. 69.  These included Rebecca Hoffman, for whom a message had been left.  *Id*.

The next day, the Special Master issued an order invoking RCFC 25(a)(1), which provides that the court may grant a motion for the substitution of the proper party, but "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by the decedent must be dismissed."  ECF No. 70 at 1 (quoting RCFC 25(a)(1)).  Beginning this 90-day period on the date petitioner's counsel filed the status report noting petitioner's death, the Special Master gave petitioner's counsel until January 2, 2019, to file a motion to substitute the proper party, and stated that failure to timely do so would result in the petition's dismissal.  ECF No. 70 at 1.  After not receiving any word or submission from petitioner's counsel by January 15, 2019, the Special Master dismissed the case.  ECF No. 71 at 4.

Petitioner's counsel timely filed a motion for review of the Special Master's decision.  Pet'r's Mot. for Review, ECF No. 73.  Among other things, petitioner's counsel argues that the 90-day period within which one must move for substitution cannot start before service of the statement noting death upon the decedent's successor or representative, citing persuasive authority from two Circuits.  *Id*. at 3–4 (citing *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985)).  These opinions rather convincingly make the case that the individuals who need to know about the existence of litigation brought by the decedent are "those empowered to assert any legal claims of the decedent," rather than the attorney for the decedent, whose "agency to act ceases with the death of his client." *Fariss*, 769 F.2d at 962.

The government brushes aside these cases, focusing on a textual difference between RCFC 25(a)(3) and its Federal Rules of Civil Procedure (FRCP) counterpart.  *See* Resp't's Resp. to Pet'r's Mot. at 9 n.13, ECF No. 76.  Our rule currently reads that "[a] statement noting death must be served in the same manner" as a motion for substitution, which in turn "must be served on the parties as provided in RCFC 5."  RCFC 25(a)(3).  The current FRCP 25(a)(3), upon which ours was based, contains the identical language describing the manner of serving the statement noting death, but specifies that the motion for substitution "must be served on parties as provided in Rule 5 and on nonparties as provided in Rule 4."  FRCP 25(a)(3).

On its face, the clause in RCFC 25(a)(3) concerning statements noting death only addresses the *way* to serve such statements, not the persons and entities to be

served. That "manner" is clearly "as provided in RCFC 5." RCFC 25(a)(3). But the provision is ambiguous as to whether service must be made only upon the parties, and not upon other persons, such as the successor or representative who would have an interest in moving to be substituted for the decedent. Is it reasonable to read the rule as excluding the need to serve such persons, merely because the motion for substitution---whose very purpose is to make such persons a party to a case (and typically comes from them)---is not required to be served upon them? The rule in the FRCP, which states how service of the motion for substitution must be accomplished for nonparties, does not pose such a question.

A review of the history of our court's rule shows that any apparent substantive divergence between the two is inadvertent. Our initial Rule 25(a), effective October 1, 1982, was patterned on the then-existing FRCP 25 and did not limit the service requirement to *parties*. That version instead required the motion for substitution and the statement noting death to "be served as provided in Rule 5." Rule 25(a)(1) of the United States Claims Court, 1 Cl. Ct. LXIII–LXIV (Oct. 1, 1982). This same formulation was retained when the rules were updated to conform to FRCP amendments. *See* RCFC 25(a)(1), 51 Fed. Cl. XLIX (May 1, 2002). This language differed slightly from the parallel FRCP provision, which specified service "upon persons not parties" following the FRCP 4 procedure for personally serving a summons, *see Fariss*, 769 F.2d at 961 (quoting then-existing FRCP 25(a)(1))---an option that was not available to us, as RCFC 4 was narrowly-tailored to reflect the fact that the United States is the only defendant to be served with a complaint in our proceedings. Thus, instead of one method for service upon parties, and another for service upon nonparties, our rule made no such distinction. When our rule was amended in 2008, the purpose was "to conform to the general restyling of the FRCP," and not to substantively alter the relevant provision. RCFC 25, Rules Comm. Note to 2008 Amendments. Thus, the insertion of the reference to service "on the parties," RCFC 25(a)(3), should not be read as eliminating the need to serve the relevant papers on an estate representative before the deadline for substitution is triggered.

Accompanying the motion for review was an affidavit from Rebecca Hoffman, which states that she was appointed administrator of petitioner's estate on September 19, 2018. ECF No. 74-1, ¶ 4. She explains that she had not been served with any document pertaining to this case, including the one treated as the statement noting the death of petitioner, but has learned of the matter from petitioner's counsel, whom she has now authorized to represent the estate. *Id.* ¶¶ 5–8. The motion for review was filed on behalf of petitioner and petitioner's estate, pursuant to this authorization. ECF No. 73 at 1 n.1.

After the briefing was completed on the motion for review, the Federal Circuit issued an opinion in a vaccine case which, although unpublished and not precisely on point, is nevertheless very instructive for our purposes. *See Moczek v.*

*Sec'y of Health & Human Servs.*, 776 F. App'x 671 (Fed. Cir. 2019).  In that case, the Circuit reversed a special master's decision to dismiss a case for failure to prosecute despite the negligence of petitioner's counsel.  *Id.* at 674–75.  Even though there were "no good reasons" supporting counsel's delay in responding to the special master's orders, the Circuit found the dismissal and the rejection of a request for relief from judgment to be an abuse of discretion.  *Id.* at 674.  The Circuit explained that "summary dismissal of a Vaccine Act case for failure to prosecute in routine cases runs counter to the core purposes of the Vaccine Act," and accordingly limited summary dismissals to "exceptional cases."  *Id.*  Such cases would involve lengthy delays, prejudice to the government, bad faith, and a likelihood of repeated negligence.  *See id.* at 674–75.

Because Ms. Hoffman had not been served with the statement noting death in this proceeding prior to the case being dismissed, she could hardly be faulted for failing to file a motion for substitution.  The dismissal instead was based on petitioner's counsel's delay in identifying the estate administrator, and thus is more akin to a dismissal for failure to prosecute.  There is no suggestion of negligence in this case, however, and the Court finds the dismissal difficult to reconcile with the Circuit's approach in *Moczek*.  But taking into consideration that the Special Master was not given the benefit of the caselaw interpreting FRCP 25 which petitioner's counsel presented to the Court, and could not have been expected to anticipate the subsequent precedent issued by the Federal Circuit on the propriety of this type of summary dismissal, the Court finds that the appropriate course is to remand the matter pursuant to 42 U.S.C. § 300aa-12(e)(2)(C).  *See McClendon v. Sec'y of Dep't of Health & Human Servs.*, 23 Cl. Ct. 191, 198–200 (1991) (remanding case because of a subsequent Federal Circuit decision).  Accordingly, the petition is **REMANDED** to give the Special Master the opportunity to reconsider her decision to dismiss the case, in light of the fact that that Ms. Hoffman has since been identified as estate administrator and with due regard given to the reasoning in *Moczek*, 776 F. App'x at 674–75.

**IT IS SO ORDERED.**

                                            s/ Victor J. Wolski
                                            **VICTOR J. WOLSKI**
                                            Senior Judge