# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1122V
(Filed: March 26, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| REBECCA HOFFMAN, *as administrator* | * | UNPUBLISHED |
| *of the* ESTATE OF KAREN | * | |
| CHRISTNER, | * | |
| | * | |
| Petitioner, | * | |
| | * | Dismissal; Insufficient Proof of |
| v. | * | Causation; Influenza ("Flu") |
| | * | Vaccine; Transverse Myelitis |
| SECRETARY OF HEALTH | * | ("TM") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

*Braden Blumenstiel, Esq.,* Blumenstiel Falvo, LLC, Dublin, OH, for petitioner.
*Darryl Wishard, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

**Roth**, Special Master:

On September 12, 2016, Karen Christner ("Ms. Christner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] ("Vaccine Act" or "Program").[3] Ms. Christner alleged that she received an influenza

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] On November 12, 2019, Rebecca Hoffman ("Ms. Hoffman" or "petitioner"), as administrator of the estate of Karen Christner, was substituted in as the petitioner in this matter. ECF No. 82.

vaccine on September 13, 2013, and thereafter suffered from "pain, weakness, and limitations in her legs," and paraplegia. Petition at ¶¶4, 5. Medical records were filed on November 2, 2016. Pet. Ex. 1-5, ECF No. 7.

The records filed reflected the following: Ms. Christner received an influenza vaccine on September 13, 2013, and eight months later, on May 8, 2014, reported an abrupt onset of weakness and burning in her hips and knees, for which she was hospitalized. She was diagnosed with transverse myelitis ("TM"). Pet. Ex. 4 at 51; Pet. Ex. 1 at 1-3. Ms. Christner reported to the ER physicians on May 8, 2014 that her symptoms began that morning. *Id*. In her affidavit, however, Ms. Christner stated after she received the flu vaccine, she began to have pain in both legs "over the next couple of months." Pet. Ex. 1 at 1, ECF No. 1. She affirmed, "In the winter months, perhaps December, I began to experience a real weakness in both my legs…." Pet. Aff. ¶¶8-9. However, between December of 2013 and May 8, 2014, Ms. Christner presented for medical care on seven occasions. *See* Pet. Ex. 3 at 109, 129; Pet. Ex. 4 at 61, 62, 156, 157; Pet. Ex. 11 at 13, 18-19. There is no mention of any complaints associated with her TM at any of those medical visits during that eight-month period.

At the initial status conference held on December 8, 2016, respondent's counsel stated that respondent had reviewed the medical records and would be defending this case. Scheduling Order at 1, ECF No. 9. It was discussed that the medical records and Ms. Christner's affidavit were inconsistent with respect to the onset of her symptoms. *Id*. Ms. Christner's counsel advised that Ms. Christner had contacted him on the eve of the statute of limitations and he had filed the petition without a thorough review of the medical records, which he stated were still being received. *Id*. Ms. Christner was ordered to file a status report indicating how she intended to proceed. *Id*.

Ms. Christner filed additional medical records on December 19, 2016; March 3, 2017; March 9, 2017; and May 18, 2017. *See* Pet. Ex. 6-7, ECF No. 10; Pet. Ex. 9-13G, ECF No. 15; Pet. Ex. 13-19, ECF No. 19; Pet. Ex. 20, ECF No. 28. Ms. Christner filed a supplemental affidavit on January 6, 2017, in which she stated "…within two months of my flu vaccination on September 13, 2013, I began to experience aches and stiffness in both of my legs…." Pet. Ex. 8,[4] ECF No. 14. On March 8, 2017, she filed a status report which advised that she planned to file an expert report in support of her claim. ECF No. 17.

On September 19, 2017, Ms. Christner filed expert reports from Dr. Kisanuki (Pet. Ex. 21), Dr. Racke (Pet. Ex. 22), and Dr. Miller (Pet. Ex. 23). ECF Nos. 39-40. Dr. Kisanuki and Dr. Racke were petitioner's treating physicians and experts in neurology and neuromuscular disease. These reports were discussed during a status conference held on September 27, 2017. It was discussed with counsel that petitioner's treating neurologists opined that they could not connect Ms. Christner's vaccine to the onset of TM eight months later. Scheduling Order at 1, ECF No. 42. It was further discussed that Dr. Miller, an expert pediatric rheumatologist retained by Ms. Christner,

---

[4] Petitioner's first affidavit placed the onset of her symptoms "around Christmas of 2013," but her supplemental affidavit placed onset of her symptoms "…within two months of [her] flu vaccination on September 13, 2013…." *See* Pet. Ex. 1 at ¶12, ECF No. 1; Pet. Ex. 8 at ¶11, ECF No. 14. However, neither of these affidavits explained why petitioner reported an onset of symptoms "that morning" when she presented to the emergency room on May 8, 2014, nine months after her vaccination. *See* Pet. Ex. 1 at 1-3, ECF No. 7.

relied solely on the facts as given in Ms. Christner's affidavit, which were not supported by the contemporaneous medical records. *Id*. Ms. Christner's counsel was advised that this Court is not bound by any laws requiring it to accept as true statements made by an injured party, particularly where they conflict with the contemporaneous medical records. *Id*. Respondent's counsel requested the opportunity to file a Rule 4(c) Report and was given 60 days. *Id*.

Respondent filed his Rule 4(c) Report on October 4, 2017. Resp. Rpt., ECF No. 46. Respondent stated that Ms. Christner had presented insufficient evidence to meet the *Althen* criteria. Respondent further asserted that the petition lacked reasonable basis, and that "any future claim for attorneys' fees and costs must be denied as of September 19, 2017." *Id*. at 13.

On November 6, 2017, Braden Blumenstiel replaced James Blumenstiel as the attorney of record in this matter. ECF No. 47.

A status conference was held on November 20, 2017, the status of this matter was discussed with Ms. Christner's current counsel. Scheduling Order, ECF No. 48. A complete summary of Ms. Christner's medical records was provided by the undersigned during the conference. Also discussed were the expert reports filed from Dr. Racke and Dr. Kisanuki. Scheduling Order at 1-2, ECF No. 48. It was pointed out to counsel that both of Ms. Christner's treating physicians could not connect Ms. Christner's receipt of the influenza vaccine to the onset of TM eight months later. *See* Pet. Ex. 21, 22, ECF No. 39. The Federal Circuit has instructed special masters to consider the view of treating physicians as probative. *Capizzano v. Sec'y of Health & Human Servs*., 440 F.3d 1317, 1326 (Fed. Cir. 2006) ("…medical records and medical opinion testimony are favored in vaccine cases, as treating physicians are likely to be in the best position to determine whether 'a logical sequence of cause and effect show[s] that the vaccination was the reason for the injury.'") (internal citations omitted). It was emphasized that Dr. Racke, in addition to specializing in neurology, is also a neuroimmunologist deeply involved in the study of multiple sclerosis, transverse myelitis, other demyelinating disorders, and cytokine regulation. Dr. Racke was in a unique position to opine on Ms. Christner's alleged injury, and his opinion would carry great weight. *See* Pet. Ex. 22. It was again noted that the report filed by Dr. Miller, a pediatric rheumatologist, did not meet the *Althen* criteria, nor did it provide any basis for a causal relationship between Ms. Christner's injuries and the vaccine she received. Scheduling Order at 2, ECF No. 48. Ms. Christner's counsel was cautioned that reasonable basis had been raised in this case. *Id*.

On January 8, 2018, Ms. Christner filed a status report stating that she would like to "Confer with a medical expert in an attempt to obtain [an] additional and more detailed medical explanation as to how (or if) the flu vaccine she received in September 2013 could be associated with the symptoms she later experienced" and "Participate in a date of onset hearing through which Petitioner can be questioned regarding the onset of her symptoms and the impact they have had on her activities of daily life." ECF No. 52.

A status conference was held on February 20, 2018. It was again discussed that Ms. Christner's medical records did not support a connection between her receipt of the flu vaccine on September 13, 2013 and the onset of TM eight months later. Scheduling Order at 1, ECF No. 57. Counsel was advised that an onset hearing would not benefit Ms. Christner, as it could result in

3

further inconsistencies with her previously submitted sworn statements of the onset of her symptoms. *Id*. It was again pointed out that Ms. Christner had a number of medical visits between December of 2013 and May 8, 2014 and did not complain of numbness or weakness at any of those visits. *Id*.; *see also* Pet. Ex. 11 at 13, 18-19; Pet. Ex. 3 at 109-10. Additionally, it was noted that any testimony from Ms. Christner regarding the impact of her TM on her daily life would be proof of damages, not onset or entitlement. *Id*. at 1-2. It was again reiterated that Ms. Christner's treating neurologists could not connect Ms. Christner's receipt of the flu vaccine to her TM. *Id*. at 2; and that the report of Dr. Miller did not meet the *Althen* criteria, nor did it provide any basis for a causal relationship between Ms. Christner's TM and the flu vaccine. *Id*. Counsel was reminded that respondent had questioned reasonable basis. *Id*. Counsel requested 30 days to confer with his client and respondent's counsel to determine the appropriate avenue for dismissal of Ms. Christner's claim. *Id*. at 3.

After several extensions, on March 26, 2018, Ms. Christner filed a status report advising that she wished to proceed by having respondent file a motion to dismiss so that she would have the opportunity to respond to respondent's arguments regarding her claim. ECF No. 60.

On March 27, 2018, respondent filed a Motion for Summary Judgment rather than a Motion to Dismiss. ECF No. 61. This Motion was denied based on procedural grounds. *See* Order, ECF No. 63.

A status conference was held on September 5, 2018, during which Ms. Christner's counsel suggested that there might be additional evidence in this case that had not been filed, despite the matter being two years old. Scheduling Order at 1, ECF No. 65. Respondent agreed to allow Ms. Christner time to file any additional evidence in support of her claim before he filed a Motion to Dismiss. *Id*.

Petitioner's counsel filed a status report on October 4, 2018 advising that Ms. Christner had passed away and no additional documentation would be filed in support of her claim. ECF No. 66. Counsel requested a status conference to discuss how to proceed in light of Ms. Christner's death. *Id*. Apparently, Ms. Christner passed away in July of 2018.

Respondent filed a Motion to Dismiss on October 5, 2018. ECF No. 67.

A status conference was held on October 12, 2018. During the conference, it was noted that prior counsel had made representations to the Court that Ms. Christner had no family or others who could assist in caring for her. Scheduling Order at 1, ECF No. 68. Ms. Christner's counsel stated that he did not believe that an estate had been opened and was unsure whether Ms. Christner had any surviving relatives. *Id*. It was noted that, in light of the reasonable basis challenges in this case, counsel would be best served by locating a representative for Ms. Christner who could authorize dismissal of the petition. Counsel was ordered to file a status report by November 26, 2018, advising the Court of his efforts to locate a representative for Ms. Christner. *Id*.

Ms. Christner's counsel filed a status report out-of-time on November 28, 2018, summarizing his efforts to contact the individuals named in Ms. Christner's obituary. ECF No. 69.

4

An Order was issued on November 29, 2018, advising counsel that, if he did not file a Motion to Substitute a representative for Ms. Christner by January 2, 2019, the petition would be dismissed. *See* Scheduling Order at 1, ECF No. 70; RCFC 25(a)(1). Counsel failed to file a Motion to Substitute a representative for Ms. Christner, or contact the Court in any way, by January 2, 2019. The petition was dismissed on January 15, 2019, at which time counsel still had not contacted the Court. *See* Decision at 1, 4, ECF No. 71.

Four weeks later, on February 14, 2019, counsel filed a Motion for Review of the dismissal Decision, along with an affidavit from Rebecca Hoffman ("Ms. Hoffman" or "petitioner") which stated that she had been named the administrator of Ms. Christner's estate. ECF Nos. 73-74.

On October 25, 2019, the Court of Federal Claims issued an Order remanding this matter on procedural grounds in light of the fact that Ms. Hoffman had been identified as estate administrator. Order at 4, ECF No. 78. The Court did not address or discuss the merits of Ms. Christner's claim.

A Motion to Substitute Rebecca Hoffman as the petitioner in this matter was filed on November 12, 2019, and subsequently granted. *See* ECF Nos. 81-82.

On November 19, 2019, I issued an Order providing a summary of this matter, including the medical records and expert reports filed. Scheduling Order, ECF No. 84. Petitioner was ordered to file an affidavit within 60 days "acknowledging that she has received this Order and has reviewed the evidence in this case and confirming that she understands all of the facts and events associated with this case." *Id*. at 5. Petitioner was to indicate how she intended to proceed. *Id*.

After missing the deadline for filing her affidavit, petitioner filed a Motion for Extension of Time until February 4, 2020 to file her affidavit. ECF No. 87. This Motion was granted. Non-PDF Order, issued Jan. 22, 2020.

Petitioner filed her affidavit out-of-time on February 5, 2020. ECF No. 88. Petitioner stated in her affidavit that, after reviewing the evidence in this case, she "instructed Braden Blumenstiel to dismiss the case." *Id*. at 1-2. Petitioner was ordered to file a Motion to for a Dismissal Decision by March 9, 2020. Non-PDF Order, issued Feb. 6, 2020. Petitioner failed to comply with this deadline. An Order to Show Cause was issued on March 17, 2020. ECF No. 89.

On March 25, 2020, petitioner filed a Motion to Voluntarily Dismiss her claim. ECF No. 90. In her Motion, petitioner stated that "it was determined through conferences with counsel and an examination of the facts and science supporting this case that petitioner will be unable to prove decedent is entitled to compensation under the VICP." *Id*. at 1.

To receive compensation under the Program, petitioner must prove either 1) that Ms. Christner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that Ms. Christner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that Ms. Christner's alleged injury was vaccine-caused or in any

5

way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting the instant claim, a medical opinion must be offered in support. Both of Ms. Christner's treating neurologists, Dr. Kisanuki and Dr. Racke, opined that they could not connect Ms. Christner's development of TM to her receipt of the flu vaccine eight months earlier.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that Ms. Christner suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[5]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11 (a), if a motion for review is not filed within 30 days after the filing of the special master's decision, the clerk will enter judgment immediately.